## Policemen's Pension Fund Board of the City of Pittsburgh v. Frey, Controller, et al.

*Metz, McClure, Hanna & MacAlister,* for petitioner.
*Albert E. Kabet,* for respondents.

DUFF, J., December 7, 1954.—This case is before the court on an amicable petition for a declaratory judgment on the question of whether the Deputy Controller of the City of Pittsburgh may perform the duties and functions of the city controller with respect to the Board of Managers of the Police Pension Fund of the City of Pittsburgh, when the latter officer is disabled from acting.

The agreed facts are:

Edward R. Frey, one of the defendants, is the Controller of the City of Pittsburgh and an ex officio member of the board of managers of the pension fund, and Stanley F. Dobrowolski is the duly appointed and qualified deputy. The controller has asserted the right of the deputy controller to act in his place and stead on the board in certain instances defined by law, which right the board denies. The parties desire a declaratory judgment to determine the issue.

The relevant acts are:

The Act of May 21, 1931, P. L. 175, sec. 1, 53 PS §8835, which provides:

"The controller of the cities of the second class is hereby authorized to appoint a deputy controller, who, in case of death, resignation, sickness, absence or inability of such controller to act, shall have the same powers and shall perform the same duty as imposed by law upon the city controller. . . .

"In case the city controller shall not appoint a deputy controller, council of such city may elect a deputy controller to serve during such time or until such controller shall appoint a deputy as aforesaid. Each deputy appointed under the provisions of this act shall furnish such bond and receive such compensation as shall be fixed by council."

The Act of May 22, 1935, P. L. 233, sec. 3, 53 PS §9446, which provides:

"There is hereby created for the care, management and control of such fund (Policemen's Relief and Pension Fund), a board of managers, consisting of eleven members. . . . The personnel thereof shall be as follows: The president of council, the city controller, and the director of the department of public safety, who shall be *ex officio* members, and eight elective members. . . ." (Italics added.)

It is obvious that the Act of 1931 is expressly designed to prevent delay or hindrance in the performance of the functions appertaining to the office of controller in certain instances in which the city controller is unable to act. We place emphasis on the provision that:

"In case of death, resignation, sickness, absence or inability of such controller to act, the deputy controller shall have the same powers and perform the same duty as imposed by law upon the city controller."

The intent of the legislature to empower the deputy controller fully to perform all the functions of the city controller is clearly indicated.

The controller's membership on the pension board, with its rights and duties, is conferred and imposed by law and not by the act of the members of the fund.

Having the power to create the office of controller, the legislature may designate an officer to act in his stead. It must be assumed that the legislature, in making the controller an ex officio member of the board, was cognizant of its prior enactment authorizing the deputy controller to act in his stead and the Act of 1935 must be construed accordingly.

Plaintiff's argument that a municipal officer cannot delegate his authority or duty is not applicable here since the controller has made no, and cannot make any, delegation of his duties. The deputy controller acts in his own right.

We accordingly hold that Stanley F. Dobrowolski, Deputy Controller of the City of Pittsburgh, may legally act as a member of the Policemen's Pension Fund Board of the City of Pittsburgh in the instances of disability set forth in the statute.

*Order of Court*

And now, to wit, December 7, 1954, this case came on before the court en banc and, upon consideration thereof, it is ordered, adjudged and declared that Stanley F. Dobrowolski, Deputy Controller of the City of Pittsburgh, may legally act as a member of the board of the Policemen's Pension Fund Board of the City of Pittsburgh in those instances of disability as set forth in the Act of May 21, 1931, P. L. 175, sec. 1, 53 PS §8835.